THE PEOPLE OF PUERTO RICO, Plaintiff, *v.* COMPAÑÍA AZUCARERA DEL TOA, Respondent.

No. 8. Argued February 10, 1941.—Decided May 22, 1941.

*F. M. Susoni, Jr.,* for the intervener Trigo Orbeta, Inc.; *George A. Malcolm, Attorney General,* and *Miguel Guerra-Mondragón, Rafael Rivera-Zayas* and *Luis Venegas-Cortés,* Associate Counsel, for complainant; *J. Henri Brown, Salvador Suau* and *J. Sifre, Jr.,* for respondent.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The question to be considered and decided at present in this case is whether a stockholder of a corporation may intervene in a quo warranto proceeding commenced by The People against said corporation, requesting the forfeiture of its franchise for violation of the 500-acre Act, when said stockholder alleges to have an interest in that the final decision of the suit be in favor of The People.

Trigo Orbeta, Inc., a corporation organized and existing in accordance with the laws of Puerto Rico, filed a petition of intervention and the corresponding complaint in the quo warranto proceeding instituted by The People through its Attorney General against the Compañía Azucarera del Toa.

It alleges to be a stockholder of the "Compañía"; that it considers the averments of the complaint which refer to the violation, on the part of respondent, of the 500-acre statute, true and unchallenged; that it is interested in the successful outcome of this lawsuit and that it wishes to intervene because it knows that the "Compañía" will try to delay the procedings as long as possible, notwithstanding that the stockholders are actually interested in having the "Compañía" acknowledge the violation of the statute and that it be dissolved and liquidated, thus cooperating with the government in the decision of the land-problem of Puerto Rico, which was the opinion upheld by it at the general meeting of the stockholders of the corporation.

The parties were notified and the defendant opposed the intervention because the intervener does not allege any interest, claim or right different to those which are common to all the stockholders of the corporation, its sole aim being to join The People against the corporation, when its interest is represented and protected adequately by The People and the corporation; that the latter has put an appearance to defend itself, thus complying with the decision taken by most of its stockholders in the exercise of the power granted to

them by law; that Trigo Orbeta, Inc. owns 468 shares out of a total of 10,000; that according to the Quo Warranto Act, as amended in 1935, the proceedings against corporations for violations of the Act of Congress limiting the ownership and control of lands, to which the complaint refers, may only be instituted by The People of Puerto Rico represented by the Attorney General, and that the minority stockholders of a corporation have no authority to consent to a judgment against the corporation, or to bind the latter to consent to it and to set out no defense. As to the intention of delaying the proceedings respondent alleged that this was not so and that on the contrary it was anxious to see it through as soon as possible in order to clear out matters.

Both the intervener and respondent have argued their respective contentions in extensive briefs, and the question was finally submitted for decision on March 22 last. Nothing has been set forth by The People of Puerto Rico.

"Information in the nature of quo warranto—the successor of the ancient common law writ of quo warranto"— it is said in Thompson on Corporations, vol. 7, pp. 825–827, "is the remedy whereby the state inquires into and determines the legality of claims to franchises and corporate offices. The remedy has been used from the earliest times against corporations for misuse, abuse or nonuse of their franchises and against persons unlawfully usurping corporate franchises; and is now regarded—save in a few jurisdictions where the statute provides another remedy— as the sole remedy to test the right of a corporation to exist and to forfeit corporate charters and franchises on these grounds. . . .

". . . The remedy may be invoked only to assert a right of the sovereign or state; it will not lie to determine private rights or grievances. The action is regarded as a public action, though the information on which the attorney general proceeded was furnished by others."

The proceeding of quo warranto was established in Puerto Rico by Act of March 1, 1902, Session Laws, p. 304, Comp. Stat. 1911, secs. 1319 to 1327, p. 268, whose Section 2 provides that ". . . when any corporation does or omits any act which amounts to a surrender or forfeiture of its rights and privileges as a corporation, or exercises rights not conferred by law, the Attorney General or any fiscal of the respective district courts, either of his own accord or at the instance of any individual relator, may present a petition to the district court of competent jurisdiction, for leave to file an information in the nature of 'quo warranto' in the name of The People of Puerto Rico . . ."

Then on 1935, Act No. 33 of July 22, 1933 ((2) p. 418), conferred exclusive jurisdiction on this Court to try the quo warranto proceedings commenced by the Government of Puerto Rico for violation of the provisions of Section 752 of Title 48 of the United States Code, 500-acre Act, and on the same year, when Act No. 47, approved on August 7, 1935, amended Section 2 of the Act of 1902, it was once more ratified that the complaint should be filed by the Attorney General or any of the district attorneys, on their own initiative or at the request of some other person.

Therefore, there is not the slightest doubt that it is to The People of Puerto Rico, through its district attorneys, that the filing, direction and control of this kind of proceedings is entrusted and there is no doubt either that those having an interest to justify it may intervene in these proceedings.

"The usual rules as to intervention", it is said in Fletcher Cyclopedia Corporations, vol. 5, section 2347, "are followed in quo warranto. If the suit is properly instituted and pending, intervention in accordance with the rules governing that matter is permissible, and even a private person may, under certain conditions, be allowed to intervene."

Therefore, the rule which we must observe is the one established by Section 72 of the Code of Civil Procedure, 1933 ed., to wit:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claim of what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an ordinary complaint."

The trial has not been held as yet, and taking into account what is stated in the petition and the complaint which accompanies it, it must be concluded that the interest of the intervener is evident. Its attitude *in pro* of the action brought by The People is a sequel of the position it assumed in the general meeting of stockholders of the corporation and its belief that the wisest thing to do is to act within the law, is justified. This is not only the wisest thing to do but the only one to be done once a person is convinced of the violation.

As to the contention that the minority of the stockholders of the corporation cannot confess judgment or bind the majority to consent or not to set up a defense in the suit, the respondent is absolutely right, but this does not imply that once the minority has knowledge of the agreement taken by the majority it does not have the right to go against said agreement when, as in the case at bar, the dissolution of the corporation is requested based on a violation of the law.

In regard to the argument that the interest of the intervener is protected in the lawsuit one way or the other, perhaps it is so, but this alone is not sufficient to deny the inter-

vention when the complainant claims it in order to better defend its property. We find more forceful the challenge to the intervention on the basis' that the exercise of the action belongs exclusively to The People (*Sucn. Orcasitas et al.* v. *A. M. Somoza & Co.*, 27 P.R.R. 462) because in reality the intervener would not have been able to personally commence the quo warranto proceedings. However, as the run of decisions has settled that once that these proceedings have been instituted the general rules on the matter are applicable to them, and as The People has not objected, the doubt which we might have had must be decided in favor of the intervention, subject of course, in regard to the control of the proceedings, to the will of the sovereign which instituted it, not only because it deemed itself authorized to do so by the Act but also in the exercise of the. public policy stated in the same.

For the above stated reasons, the intervention requested is granted, and the complaint will be filed with the 'record to follow the procedure fixed by law.